SYLVIA STAR, Appellant, v. SANDRA RABELLO as an
Individual and as Guardian ad Litem for LISA
RABELLO, a Minor, Respondent.

No. 12228

March 20, 1981                                    625 P.2d 90

*Mark Gibbons,* Las Vegas, for Appellant.

*Frederic Berkley,* Las Vegas, for Respondent.

## OPINION

By the Court, SPRINGER, J.:

Respondent Rabello sued appellant Star for special, general and punitive damages for assault and battery. Rabello also sued as Guardian ad Litem for her daughter, Lisa Rabello, who was a witness to the attack, for intentional infliction of emotional distress. Star counterclaimed for assault and battery, alleging that Rabello initiated the fight. The counterclaim did not allege that Rabello used force which exceeded that which would be privileged as self-defense.

At trial, both sides presented conflicting evidence as to who started the fight and who was the more aggressive during its course. After hearing testimony from fifteen witnesses, the trial judge dismissed Star's counterclaim, stating that Rabello's version of the fight was corroborated by two disinterested witnesses. He then found that Star precipitated the fight, and awarded Rabello special, general and punitive damages. He also awarded Lisa Rabello, Rabello's daughter, $300.00 in general damages for intentional infliction of emotional distress.

Star appeals from the damages awarded to Lisa Rabello, arguing that Lisa should not be entitled to recovery under an intentional infliction of emotional distress cause of action. We agree.

The fight occurred at Lisa's school after the opening of a school play. Star testified that she knew Lisa was present at the time. As a result of witnessing the altercation and her "embarrassment" at being the daughter of one of the participants, Lisa has suffered from intermittent headaches, sleeplessness and an upset stomach.

There are no reported cases in this jurisdiction concerning the intentional infliction of emotional distress—the tort of "outrage." Generally, the elements of this cause of action are (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation. Cervantes v. J.C. Penney, Inc., 595 P.2d 975 (Cal. 1979).

Recovery on the part of a third party witness to an outrageous act is permitted if that third party is a close relative of the person against whom the outrage was directed. Restatement of Torts 2d § 46(2). Most plaintiffs who have been permitted recovery *as bystanders,* however, have witnessed acts which were not only outrageous but unquestionably violent and shocking.

Prosser's analysis of witness recovery indicates that the outrage requirement is more difficult to meet when the act has been directed against a third party in cases in which the plaintiff has been a mere witness to the occurrence. "In short, the law appears to be moving in the direction of liability; but thus far recovery is clearly limited to the most extreme cases of violent attack, where there is some especial likelihood of fright or shock, usually on the part of a woman." W. Prosser, *The Law of Torts,* § 12 at 62 (4th ed. 1971).

Thus, recovery has been allowed when a husband watched his wife die because the doctor refused to treat her, Grimsby v. Samson, 530 P.2d 291 (Wash. 1975), and when an illegitmate five year old sued her father's estate after she had witnessed her father kill her mother, was kept in a room with the body for seven days, and was forced to watch her father commit suicide, Mahnke v. Moore, 77 A.2d 923 (Md. 1951). Recovery was denied when, after a boundary line dispute, plaintiff's husband was verbally abused and assaulted with a pitchfork by an irate neighbor. Wiehe v. Kukal, 592 P.2d 860 (Kan. 1979).

In urging that Star's conduct was sufficiently outrageous to sustain her cause of action, Rabello relies on three cases.[1] In each case, the defendant had knowledge that the witness was either pregnant or had recently given birth and was in a weakened state. Knowledge of a witness's condition tends to increase the outrageous nature of the act.

There is very little case law relating to recovery based on the mere observation of outrageous acts aimed at third parties. In instances where recovery has been allowed, the observed conduct has been outrageous in the extreme. Although the trial judge found that Star's conduct was outrageous, we rule, as a matter of law, that an assault of the kind presented in this appeal is insufficient to warrant recovery by a witness to such

---

[1]Jeppsen v. Jensen, 155 P. 429 (Utah 1916) (defendant, while in plaintiff's home and in front of her children, threatened her husband with a gun); Lambert v. Brewster, 125 S.E. 244 (W.Va. 1924) (plaintiff witnessed forcible assault on her father); Rogers v. Williard, 223 S.W. 15 (Ark. 1920) (defendant threatened to shoot plaintiff's husband).

an assault; accordingly, the judgment in favor of Lisa must be reversed.

Appellant Star also claims that the district court committed error by failing to make a finding on the issue of self-defense and retaliation. It is not clear from appellant's brief or argument whether it is claimed that appellant is entitled to judgment as a matter of law on this issue or simply that the court failed to make a finding on this issue.

If it is claimed that Sandra Rabello's use of excessive force is so clear from the record that it must be so determined as a matter of law, such a claim must be rejected out of hand. There is more than ample evidence to support the court's findings and judgment in favor of Sandra Rabello.

If appellant is claiming that error arose out of the court's failure to make a finding on the issue of self-defense and retaliation, this claim must also be rejected.

No request was made to the trial court for such a finding. No such finding is required by law. Testimony presented at trial did not concern either self-defense or excessive force because Star's contention was based upon an assertion that Rabello started the fight. Additionally, the trial judge's dismissal of the counterclaim and entry of judgment in favor of Rabello sufficiently implies that the trial judge, as the trier of fact, found that Rabello's defense of herself did not constitute an assault. Cooper v. Pacific Automobile Insurance Co., 95 Nev. 798, 603 P.2d 281 (1979); Pederson v. First Nat'l Bank of Nevada, 93 Nev. 388, 566 P.2d 89 (1977).

The judgment in favor of Sandra Rabello is affirmed; the judgment in favor of Lisa Rabello is reversed.

GUNDERSON, C. J., and MANOUKIAN, BATJER, and MOWBRAY, JJ., concur.