MARK S. HEIDT and VIRGINIA HEIDT, Individually and on Behalf of SHAYNE R. HEIDT, a Minor, Appellants, v. BYRON E. HEIDT and YOSHI HEIDT, Respondents.

No. 20327

December 4, 1992                                    842 P.2d 723

*David Allen & Associates* and *Melodie C. Swanson,* Las Vegas, for Appellants.

*Beckley, Singleton, DeLanoy, Jemison & List* and *Daniel F. Polsenberg,* for Respondents.

## OPINION

*Per Curiam:*

On December 29, 1984, two-year-old Shayne R. Heidt was bitten on the face by respondents' dog while playing in respondents' living room. Shayne's parents, appellants herein, subsequently filed a lawsuit against respondents, the owners of the dog. The fourth cause of action alleged in appellants' amended complaint was damage to the parent-child relationship between appellants and Shayne.

Respondents filed a motion to dismiss appellants' fourth cause of action for failure to state a claim upon which relief could be granted, pursuant to NRCP 12(b)(5). Appellants opposed the motion. The district court granted respondents' motion and dismissed appellants' fourth cause of action with prejudice, certifying its order as final pursuant to NRCP 54(b). This appeal followed.

While acknowledging that a cause of action for damage to the parent-child relationship has never been recognized in this state,

appellants contend that the time is ripe for this court to recognize such a cause of action. Appellants claim that a "modern trend" exists to recognize a cause of action for damage to the parent-child relationship, and cite opinions from twelve states allowing a parent to recover for an injured child by judicial mandate.[1] Appellants also emphasize that the development of the common law is within this court's proper sphere, and argue that a lack of precedent cannot absolve a court from its responsibility to continually reappraise the common law in light of changing circumstances. Finally, appellants contend that the current state of the law in this area deprives them of their right to equal protection.

The leading Nevada case in this area of the law is General Electric Co. v. Bush, 88 Nev. 360, 498 P.2d 366 (1972). In *Bush,* both the wife and the children of an injured worker sought recovery for loss of consortium arising out of the man's permanent condition. This court first addressed the wife's claim, noting the trend in other jurisdictions to recognize a wife's claim for loss of consortium as a separate, compensable claim, and concluded that such a claim would henceforth be recognized in Nevada. *Id.* at 366-68, 498 P.2d at 370-71. This court next addressed the children's claim, stating:

> Are the children of a father injured by the negligent acts of third persons entitled to maintain independent actions to recover damages for their loss of consortium with their father the same as their mother?
>
> The trial court instructed the jury that the children had a cause of action for their individual losses occasioned by their father's injuries. The jury awarded the three minor children the sum of $150,000.
>
> Only one court has recognized their cause of action. Scruggs v. Meredith, 134 F.Supp. 868 (D.C. Hawaii 1955) (reversed on appeal by authority of Halberg v. Young, 41 Hawaii 634, 59 A.L.R.2d 445 (1957)). Substantial differences exist in the consideration of the children's claim as against that of their mother, all of which have compelled the

---

[1] In support of their claim, appellants cite the following cases: Reben v. Ely, 705 P.2d 1360 (Ariz.Ct.App. 1985); Miller v. Subia, 514 P.2d 79 (Colo.Ct.App. 1973); Yordon v. Savage, 279 So.2d 844 (Fla. 1973); Hayward v. Yost, 242 P.2d 971 (Idaho 1952); Dymek v. Nyquist, 469 N.E.2d 659 (Ill.App.Ct. 1984); Sizemore v. Smock, 400 N.W.2d 706 (Mich. Ct.App. 1986), *rev'd* 422 N.W.2d 666 (Mich. 1988); Davis v. Elizabeth Gen. Medical Ctr., 548 A.2d 528 (N.J.Super.Ct. Law Div. 1988); First Trust Co. v. Scheels Hardware, 429 N.W.2d 5 (N.D. 1988); Norvell v. Cuyahoga County Hosp., 463 N.E.2d 111 (Ohio Ct.App. 1983); Hall v. Birchfield, 718 S.W.2d 313 (Tex.Ct.App. 1986); Harbeson v. Parke-Davis, Inc., 656 P.2d 483 (Wash. 1983); Shockley v. Prier, 225 N.W.2d 495 (Wis. 1975).

overwhelming weight of authorities to be against an action for the children. Halberg v. Young, supra; Annot., 59 A.L.R.2d 454 (1958); Hayrynen v. White Pine Copper Co., 157 N.W.2d 502 (Mich.App. 1968). We are satisfied to await legislative action, if any, on this issue.

*Bush,* 88 Nev. at 368, 498 P.2d at 371.

After carefully reviewing appellants' arguments, we decline appellants' invitation to create a cause of action for loss to the parent-child relationship. We remain unconvinced of the wisdom of such an action by this court, particularly in light of the legislature's continuing silence on this subject some twenty years after our decision in *Bush.* We find it unnecessary to address appellants' equal protection arguments. Appellants failed to raise these arguments below and are therefore precluded from asserting them on appeal. Peot v. Peot, 92 Nev. 388, 551 P.2d 242 (1976).

Accordingly, we affirm the order of the district court.