*1039 OPINION
By the Court,
Shearing, J.:
Appellant Allen Motenko (“Allen”) and his family (“the Motenkos”), residents of Massachusetts, were in Las Vegas when Beth Motenko, Allen’s mother, allegedly slipped on a loose tile, fell and was injured on the premises of the Desert Inn, owned by respondent MGM Dist., Inc. (“MGM”). Allen filed a claim for loss of parental consortium. The district court dismissed the claim because Nevada does not recognize a claim for loss of parental consortium. See General Electric Co. v. Bush, 88 Nev. 360, 498 P.2d 366 (1972). Observing that the injury occurred in Nevada, the district court concluded that the law of Nevada should be applied under the vested rights or lex loci delicti approach to choice of law problems advocated by the Restatement (First) of Conflict of Laws section 377 (1934) (“the vested rights approach”).
The Motenkos appeal, arguing that the district court should have applied Massachusetts law, because Massachusetts is the domicile of the Motenko family and recognizes a claim for loss of parental consortium. The Motenkos ask us to adopt the significant relationship approach of the Restatement (Second) of Conflict of Laws section 145(1) (1971) (“the significant relationship approach”).
Nevada has historically followed the vested rights approach in choice of law matters involving torts. See Laxalt v. McClatchy, 116 F.R.D. 438, 447 (D. Nev. 1987). This approach requires application of the substantive law of the forum in which the injury *1040 occurred. See Restatement (First) of Conflict of Laws § ill (1934). Thus, because Nevada does not recognize a claim for loss of parental consortium, the vested rights approach would justify the district court’s decision to dismiss Allen’s claim. See Heidt v. Heidt, 108 Nev. 1009, 1011, 842 P.2d 723, 725 (1992); General Electric, 88 Nev. at 363, 498 P.2d at 371.
For thirty years, however, this court has not directly addressed the issue of whether the vested rights approach is appropriate. See Lightenburger v. Gordon, 81 Nev. 553, 580, 407 P.2d 728, 736 (1965). Since then, a majority of courts have abandoned the wooden application of the vested rights approach in order to avoid unjustifiably harsh results. See O’Connor v. O’Connor, 519 A.2d 13, 15-21 (Conn. 1986) (reasoning that the vested rights approach fails to acknowledge that many jurisdictions may have legitimate interests in applying their own laws in a given controversy); Gutierrez v. Collins, 583 S.W.2d 312, 316 (Tex. 1979) (noting that less than half of the states continue to adhere to the vested rights approach). This trend does not, by itself, give us cause to reevaluate the vested rights approach. We must agree, however, that the approach can produce harsh results because the approach demands a blind application of the law of the place of the accident.
In contrast, the significant relationship approach, advocated by the Motenkos, provides that “[t]he rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties.” Restatement (Second) of Conflict of Laws § 145(1) (1971). The Restatement sets forth the factors to be considered for this choice-of-law analysis as follows:
(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
(a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.
Id. In order to determine which jurisdiction’s law should apply in a tort action, the substantial relationship test directs the court to select the law of the jurisdiction which has the most significant relationship to the issue after considering these factors. The *1041 substantial relationship test assigns no particular weight or priority to the contacts it lists or the Section 6 principles.[1]
This test suffers from two defects — lack of uniformity and lack of predictability. Different judges can weigh the same factors to reach opposite conclusions. For example, the dissenting justices conclude that Massachusetts law should apply in the instant case after applying these factors. On the other hand, when we consider the very same factors, we conclude that Nevada law should apply. In the instant case, every factor except the plaintiff’s residence favors the selection of Nevada law. Yet, the dissent would hold that the law of the plaintiff’s residence trumps all other considerations. When judges who thoughtfully consider the issue under the same standard reach sharply divided results, it appears that it is impossible to predict the outcome under this approach without more direction. We believe that it is necessary to recognize a rule that is more certain in its outcome. Even Section 6 of the Restatement recognizes that certainty, predictability and uniformity of result are important factors in choosing the applicable law. Wholesale adoption of the substantial relationship test to actions sounding in tort would not promote these desirable aims.
We agree that the vested rights approach should be abandoned and therefore, we propose an approach that would harmonize Nevada’s interest in stability in this area and the substantial relationship test. Under this approach, the law of the forum (the place where the action is brought) governs in a tort case, unless another state has an overwhelming interest. Another state has an overwhelming interest if two or more of the following factors are met:
(a) it is the place where the conduct giving rise to the injury occurred;
(b) it is the place where the injury is suffered;
(c) the parties have the same domicile, residence, nationality, place of incorporation, or place of business and it is different from the forum state;
*1042 (d) it is the place where the relationship, if any, between the parties is centered.
Thus, the law of the forum retains presumptive weight in a tort case, but the presumption can be overcome by a court’s finding that two or more of the above-listed factors are satisfied. This approach meets the goal of a higher degree of certainty, predictability and uniformity of result. It also allows a court to more frequently apply the law with which it is most familiar — its own law. Yet, this approach allows for some flexibility in order to avoid irrational and unjust results. See Foster v. Leggett, 484 S.W.2d 827, 829 (Ky. 1972) (“When the Court has jurisdiction of the parties its primary responsibility is to follow its own substantive law. The basic law is the law of the forum which should not be displaced without valid reasons”).
Applying this approach to the facts of the instant case, the plaintiffs brought the action in Nevada so there is a presumption that Nevada law governs. An evaluation of the above-listed factors indicates that the presumption is not overcome. The second factor is the only factor that supports the use of Massachusetts law because the Motenkos live in Massachusetts and the injury has been suffered in that state. None of the other factors are met because the accident occurred in Nevada, Motenko and MGM are not residents of the same state and they do not have any relationship separate from the tort. Thus, we conclude that Nevada law should be applied to the instant action.
We hereby adopt the foregoing choice-of-law approach in determining the rights and liabilities of the parties with respect to an issue in tort. We affirm the district court’s order of dismissal, however, because the district court’s decision reached the correct result. Hotel Riviera, Inc. v. Torres, 97 Nev. 399, 403, 632 P.2d 1155, 1158 (1981) (“If a decision below is correct, it will not be disturbed on appeal even though the lower court relied upon the wrong reasons”).
Rose, J., concurs.

Section 6(2) of the Restatement (Second) which sets forth the general principles in choice-of-law decisions states:
[T]he factors relevant to the choice of the applicable rule of law include:
(a) the needs of the interstate and international systems,
(b) the relevant policies of the forum,
(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
(d) the protection of justified expectations,
(e) the basic policies underlying the particular field of law,
(f) certainty, predictability and uniformity of result, and
(g) ease in the determination and application of the law to be applied.