Tess CARDINALE, Guardian ad Litem for Santino Cardinale and Gianni Cardinale, Minors, and Tess Cardinale and Leonard Cardinale, as Individuals; Michelle Shoup, Guardian ad Litem for Emily Shoup, a Minor; and Michelle Shoup and David Shoup, as Individuals, Plaintiffs,

v.

LA PETITE ACADEMY, INC., a Delaware corporation; Does I–X and Roe Corporations I–X, inclusive, Defendants.

No. CVS–02–0122PMPLRL.

United States District Court, D. Nevada.

June 12, 2002.

Patrick Chapin, Las Vegas, for Cardinale, Gianni, Cardinale, Santino, Cardinale, Tess, Plaintiffs.

Tomas Mazeika, Las Vegas, for La Petite Academy, Inc., Defendants.

## ORDER

PRO, District Judge.

Presently before this Court are three Motions. On March 26, 2002, Defendant La Petite Academy, Inc. ("La Petite") filed Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted

Pursuant to Rule 12(b)(6); Motion to Strike Claim for Punitive Damages Pursuant to Rule 12(f); and, Motion to Strike Claim for Attorneys' Fees Pursuant to Rule 12(f); Memorandum of Points and Authorities in Support Thereof (Docs. # 5, 6, & 7). Plaintiffs Tess Cardinale, Leonard Cardinale, Santino Cardinale, Gianni Cardinale, Michelle Shoup, David Shoup, and Emily Shoup (collectively "Plaintiffs"), filed an Opposition (Doc. # 9) on April 12, 2002. La Petite filed a Reply (Doc. # 10) on April 23, 2002.

## I. BACKGROUND

Tess, Leonard, Santino, and Gianni Cardinale ("Cardinale Plaintiffs") have asserted various tort law claims as a result of La Petite's alleged actions with respect to Santino and Gianni Cardinale while they attended La Petite's preschool. Plaintiffs Santino and Gianni Cardinale were "toddlers" who attended La Petite's preschool. (Verified First Am. Compl. ¶ 14.) The Cardinale Plaintiffs allege that La Petite allowed Santino and Gianni Cardinale to "run around the pre-school facilities partially undressed, wet with water, and barefoot." (*Id.* ¶ 21.) Further, the Cardinale Plaintiffs allege that La Petite failed to apply diaper rash medication to Gianni Cardinale, in contravention of instructions by Tess and Leonard Cardinale. (*Id.*) The Cardinale Plaintiffs also assert that La Petite failed to administer doctor-prescribed medication to Santino and Gianni Cardinale, and that one of La Petite's preschool teachers "regularly abuse[d], neglect[ed] and use[d] excessive force upon . . . Santino" Cardinale. (*Id.*)

Michelle, David, and Emily Shoup ("Shoup Plaintiffs") also allege various tort law claims as a result of La Petite's actions with respect to their child—Emily Shoup—who attended La Petite's preschool. Plaintiff Emily Shoup was an infant toddler who attended La Petite's preschool. (Verified First Am. Compl. ¶ 15.)

The Shoup Plaintiffs allege that La Petite "failed to adequately feed" Emily Shoup, and allowed her "to be cared for in an unsanitary and harmful environment." (*Id.* ¶ 30.)

## II. MOTION TO DISMISS PURSUANT TO 12(b)(6)

### A. Legal Standard

In considering a motion to dismiss, this Court must presume all well-pleaded allegations of material fact and must draw all reasonable inferences in favor of the non-moving party. *Knevelbaard Dairies v. Kraft Foods, Inc.,* 232 F.3d 979, 984 (9th Cir.2000). However, the Court is not "required to accept as .true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 231 F.3d 520, 527–28 (9th Cir.2000). There is a strong presumption against dismissing an action for failure to state a claim. *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 249 (9th Cir.1997). The issue is not whether Plaintiff will ultimately prevail, but whether he may *offer* evidence in support of his claims. *Davis v. Monroe County Bd. of Educ.,* 526 U.S. 629, 654, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). Consequently, the Court may not grant a Motion to Dismiss for failure to state a claim "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

The liberal rules of notice pleading set forth in the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts supporting his claim. *Yamaguchi v. United States Dep't of the Air Force,* 109 F.3d 1475, 1481 (9th Cir. 1997) (quoting *Conley,* 355 U.S. at 47). All

the Rules require is a "short and plain statement" that adequately gives the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Yamaguchi,* 109 F.3d at 1481. Therefore, a plaintiff merely must plead sufficiently to "establish a basis for judgment against the defendant." *Id.* at 1481. Further, a claim is sufficient if it shows that the plaintiff is entitled to any relief which the court can grant, even if the complaint asserts the wrong legal theory or asks for improper relief. *Haddock v. Board of Dental Exam'rs,* 777 F.2d 462, 464 (9th Cir.1985).

### B. Discussion

La Petite has brought a Motion to Dismiss with respect to several of Plaintiffs' claims. La Petite asserts that Plaintiffs Tess and Leonard Cardinale, and Michelle and David Shoup, cannot recover as a matter of law on their claims for intentional infliction of emotional distress ("IIED"). La Petite also asserts that Plaintiffs Tess and Leonard Cardinale, and Michelle and David Shoup cannot recover as a matter of law on their claims for loss of consortium.

### 1. Intentional Infliction of Emotional Distress

La Petite claims that because Tess and Leonard Cardinale, and Michelle and David Shoup do not assert in their Complaint that they witnessed the alleged harm to their children, they cannot maintain an IIED cause of action. La Petite further asserts that the behavior alleged by Plaintiffs is not "outrageous" such that an IIED claim is cognizable. Plaintiffs respond that the parents did witness the harm to their children. Plaintiffs also argue that whether or not an action is "outrageous" is a question of fact that should be left to determination by factfinders.

In Nevada, a claimant asserting an IIED claim must show: "(1) extreme and outrageous conduct with either the inten-

tion of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Star v. Rabello,* 97 Nev. 124, 625 P.2d 90, 92 (1981) (citing *Cervantez v. J. C. Penney, Inc.,* 24 Cal.3d 579, 156 Cal.Rptr. 198, 595 P.2d 975 (1979)). Nevada also provides that bystanders may recover on an IIED claim. *Star,* 625 P.2d at 92. In addition to the requirements for a standard IIED claim, for bystander IIED, a party must show that the bystander him or her -self was a witness to the "outrageous act," and that the bystander is a "close relative" of "the person against whom the outrage was directed." *Star,* 625 P.2d at 92.

In the present case, all Plaintiffs have asserted claims for IIED. La Petite has only brought a Motion to Dismiss with respect to the IIED claim brought by the parent Plaintiffs—Tess and Leonard Cardinale, and Michelle and David Shoup. La Petite argues that Tess and Leonard Cardinale and Michelle and David Shoup do not allege that they were on the receiving end of the outrageous behavior. The Plaintiffs do not contest this assertion. Instead, Plaintiffs allege that they can prevail on an IIED claim because of the alleged harm to their children. Thus, the requirements with respect to bystanders of IIED apply.

To recover as a bystander on an IIED claim, a plaintiff must have a sufficiently "close relationship" with the person against whom the outrage is directed, and the plaintiff must be a witness to the outrage. *Star,* 625 P.2d at 92. While the relationship between the parents and the children is undisputably one "close" enough for the purpose of this rule, Plaintiffs do not allege in their Complaint that they *witnessed* any of the allegedly outra-

geous acts.[1] Indeed, the Complaint centers on alleged behavior by La Petite that necessarily occurred in the parents' absence; all of the alleged actions of La Petite occurred when the children were at the La Petite daycare facility. Because witnessing the alleged outrageous act is a necessary element of a bystander IIED claim, Plaintiffs cannot prevail, even presuming the allegations of material fact and drawing all reasonable inferences in favor of Plaintiffs. *See Knevelbaard Dairies,* 232 F.3d at 984. La Petite's Motion to Dismiss the IIED claims by Tess and Leonard Cardinale, and Michelle and David Shoup should be granted.

### 2. Loss of Consortium

Plaintiffs Tess and Leonard Cardinale, and Michelle and David Shoup, have also brought loss of consortium claims. These Plaintiffs claim that as a result of La Petite's actions, they "have been deprived of society with their beloved children, and of the normal companionship, affection, love and relationship they were accustomed to enjoying prior to the incidents alleged" in the present case. (First Am. Compl. ¶¶ 50, 54.) La Petite argues that Nevada does not recognize loss of consortium in the context of the parent-child relationship.

La Petite is correct in its assertion that Nevada does not recognize loss of consortium for loss to the parent-child relationship. *Heidt v. Heidt,* 108 Nev. 1009, 842 P.2d 723, 724 (1992). Plaintiffs do not contest this assertion; instead, Plaintiffs urge that "The Time Has Come for the State of Nevada to Recognize a Claim for Lost Consortium With Regard to the Parent–Child Relationship." (Pls.' Opp. at 5.)

The province of the courts is to interpret the laws, not to make them. Particularly in the present case, where this Court sits in diversity, federalism concerns preclude this Court from creating a Nevada state law. Perhaps the *Heidt* court stated the idea best:

> After carefully reviewing appellants' arguments, we decline appellants' invitation to create a cause of action for loss to the parent-child relationship. We remain unconvinced of the wisdom of such an action by this court, particularly in light of the legislature's continuing silence on this subject some twenty years after our [initial] decision [declining to create a cause of action for loss to the parent-child relationship].

*Heidt,* 842 P.2d at 725. The Motion to Dismiss Plaintiffs' loss of consortium claims should be granted.

### III. MOTION TO STRIKE PURSUANT TO 12(f)

### A. Legal Standard

A court may grant a motion to strike pursuant to Federal Rule of Civil Procedure 12(f) if the contested language constitutes an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f). Federal courts generally disfavor motions to strike. *Colaprico v. Sun Microsystems, Inc.,* 758 F.Supp. 1335, 1339 (N.D.Cal.1991) ("[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.") (citing sources); *United States v. 729.773 Acres of Land, More or Less, Situate in City and County of*

---

1. Plaintiffs attach to their Opposition six affidavits that allegedly show that the parents did witness harm to their children. This Court may not consider evidence on a Motion to Dismiss, however. This Court may only consider material contained in the Complaint itself. *Levine v. Diamanthuset, Inc.,* 950 F.2d 1478, 1482 (9th Cir.1991) (citing *North Star Int'l,* 720 F.2d at 581).

*Honolulu,* 531 F.Supp. 967, 971 (D.Haw. 1982) ("A motion to strike is a severe measure and it is generally viewed with disfavor."); *Bureerong v. Uvawas,* 922 F.Supp. 1450, 1478 (C.D.Cal.1996) ("[M]otions are generally disfavored because they are often used as delaying tactics, and because of the limited importance of pleadings in federal practice.") (cites and quotes omitted).

■ A Court must view the pleading under attack in the light most favorable to the pleader. *State of California v. United States,* 512 F.Supp. 36, 39 (D.C.Cal.1981). Further, a court considering a motion to strike should also consider "the function of a 12(f) motion to strike[, which] is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial ...." *Sidney–Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir.1983).

**B. Discussion**

La Petite has brought Motions to Strike Plaintiffs' claims for punitive damages and Plaintiffs' claims for attorneys' fees.

**1. Punitive Damages**

La Petite argues that Plaintiffs' prayer for punitive damages is improper because to sustain a claim for punitive damages, a plaintiff must prove by "clear and convincing evidence" that a defendant used "oppression, fraud or malice, express or implied." Nev.Rev.Stat. 42.005. La Petite argues that the allegations in Plaintiffs' Complaint do not support the conclusion that La Petite's actions evidenced oppression, fraud, or malice. In response, Plaintiffs argue that because of the rules of notice pleading, specification of the precise facts that support a claim for punitive damages is unnecessary in the Complaint itself. Plaintiffs also argue that Affidavits

attached to their Opposition provide evidence of conduct that a trier of fact could conclude constitutes conscious disregard, oppression, malice, and fraud, within the meaning of Nevada Revised Statute 42.005.[2]

■ La Petite does not specify whether it brings the 12(f) Motion to Strike because Plaintiffs' Complaint alleges an "insufficient defense," or because of "redundant, immaterial, impertinent, or scandalous" allegations in the Complaint. Fed.R.Civ.P. 12(f). Instead, La Petite argues that the alleged conduct does not show "oppression, fraud or malice," which is required for a punitive damages claim under Nevada Revised Statute 42.005. By arguing that Plaintiffs' prayer for punitive damages should be struck, La Petite is asking this Court to weigh the sufficiency of the evidence—evidence which has not yet even been offered. Further, at this point in the proceedings, evaluation of the sufficiency of evidence is inappropriate. La Petite's Motion to Strike Plaintiffs' request for punitive damages should be denied.

**2. Attorneys' Fees**

La Petite also moves to strike Plaintiffs' claims for attorneys' fees. La Petite argues that Nevada generally follows the "American Rule" under which each party must bear their own attorneys' fees. La Petite also asserts that in general, a party may not recover attorneys' fees unless there is a statute, contractual provision, or rule that authorizes such an award. La Petite asserts that Plaintiffs have not and cannot cite any statute, rule, or contractual provision upon which recovery of attorneys' fees is possible. Plaintiffs respond that Plaintiffs were not required to request attorneys' fees in their initial claim for relief. Plaintiffs also argue that an award

---

**2.** The affidavits provided by Plaintiffs are not properly considered on a Motion to Strike. Federal notice pleading rules preclude the consideration of evidence at this early stage.

for attorneys' fees is discretionary in Nevada, pursuant to Nevada Revised Statute 18.010.

■ La Petite does not explain how including claims for attorneys' fees in Plaintiffs' Complaint is prejudicial to La Petite. The inclusion of claims for attorneys' fees in the Complaint does not constitute an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" such that a Motion to Strike pursuant to Federal Rule of Civil Procedure 12(f) is proper. La Petite's Motion to Strike Plaintiffs' claim for attorney's fees should be denied.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendant La Petitte Academy Inc.'s Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted Pursuant to Rule 12(b)(6) (Doc. # 5) is hereby GRANTED. Tess Cardinale, Leonard Cardinale, Michelle Shoup, and David Shoup's intentional infliction of emotional distress claims are hereby DISMISSED without prejudice. Tess Cardinale, Leonard Cardinale, Michelle Shoup, and David Shoup's, loss of consortium claims are hereby DISMISSED.

IT IS FURTHER ORDERED that Defendant La Petite Academy Inc.'s Motion to Strike Claim for Punitive Damages Pursuant to Rule 12(f) (Doc. # 6) is hereby DENIED.

IT IS FURTHER ORDERED Defendant La Petite Academy Inc.'s Motion to Strike Claim for Attorneys' Fees Pursuant to Rule 12(f) (Doc. # 7) is hereby DENIED.