Jesica **AVALOS**; Johana Avalos; Orlando Avalos–Lepe; Jesus Avalos–Ventura; Benjamin Lepe; Maria Elena Lepe, Plaintiffs—Appellants,

and

**Filiberto Lepe, Plaintiff,**

v.

Rod **BANISTER**; County of Carson City; Richard V. Dodds; Daniel Holub, Defendants—Appellees.

No. 03–16691.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2005.

Decided March 9, 2005.

Jeffrey A. Dickerson, Esq., James Andre Boles, Esq., Law Offices of James

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Andre Boles, Reno, NV, for Plaintiffs–Appellants.

Melanie Bruketta, Neil Rombardo, Esq., Carson City District Attorney's Office, Carson City, NV, for Defendants–Appellees.

Before: D.W. NELSON, W. FLETCHER and FISHER, Circuit Judges.

### MEMORANDUM *

Plaintiffs-appellants appeal the district court grant of summary judgment on plaintiffs' Fourth Amendment, municipal liability and state law claims. We have jurisdiction pursuant to 28 U.S.C. § 1291, and review the district court's grant of summary judgment de novo. *Butler v. Elle*, 281 F.3d 1014, 1021 (9th Cir.2002).

The district court properly granted summary judgment on plaintiffs' claims that there was not probable cause for the search warrant. The address searched was listed on the application for a storage space where 90 pounds of marijuana were found. There is no evidence in the record of deliberate misrepresentation by defendant Dodds. *See United States v. Stanert*, 762 F.2d 775, 781 (9th Cir.1985).

The court also properly granted summary judgment on plaintiffs' unreasonable search claims. Filiberto Lepe, the man who was beaten by defendant Holub, is not a party to this appeal, and there is not sufficient evidence in the record to create a triable issue of fact as to whether the intimidation was directed at the family members themselves. Moreover, the law is not clearly established that family members who merely witness the use of excessive force by police officers against others may pursue Fourth Amendment claims on that ground. *See Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (setting forth qualified immunity analysis).

The court also properly granted summary judgment on the municipal liability claims against defendants Carson City and Banister. There is no evidence in the record to support a finding of a policy of illegal searches, or linking defendant Banister to the search. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986); *Larez v. Los Angeles*, 946 F.2d 630, 646 (9th Cir.1991).

Finally, the court properly granted summary judgment on the Nevada state law intentional infliction of emotional distress claims. There is no triable issue of fact as to whether defendants' behavior toward the family members was sufficiently outrageous, or whether the family members' distress was sufficiently severe, to satisfy Nevada law. *See Star v. Rabello*, 97 Nev. 124, 625 P.2d 90, 92 (1981).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.