**Benjamin ABAD–SANTOS,**
**Plaintiff–Appellant,**

v.

**CLARK COUNTY, NEVADA,**
**Defendant–Appellee.**

No. 05–15812.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2007.

Filed May 7, 2007.

Kirk T. Kennedy, Esq., Las Vegas, NV, for Plaintiff–Appellant.

Gloria J. Sturman, Esq., Edwards Hale Sturman Atkin & Cushing, Ltd., Las Vegas, NV, for Defendant–Appellee.

Before: WALLACE, D.W. NELSON, and McKEOWN, Circuit Judges.

## MEMORANDUM *

Benjamin Abad–Santos ("Abad–Santos") appeals the district court's summary judgment in favor of Clark County, Nevada alleging that the County: (1) discriminated against him by failing to promote him to a Plans Examiner Specialist position, (2) subjected him to a hostile work environment based upon race and national origin, and (3) retaliated against him for filing a grievance and complaint over the denial of a promotion. He also asserts, pursuant to 42 U.S.C. § 1983, that the County violated his right to be free from illegal employment practices and his right to equal protection. Finally, Abad Santos contends that he suffered intentional infliction of emotional distress. For the following reasons we affirm the district court's summary judgment.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ Abad–Santos has not produced any evidence to demonstrate that the proffered reasons for Clark County's failure to promote were pretext for discrimination. *Yee v. Dep't of Envtl. Servs.*, 826 F.2d 877, 881 (9th Cir.1987). Kevin McCosker's statement to Abad–Santos that he was "not the type of person that we are looking for" when rejecting him for a prior promotional opportunity falls into the category of remarks made in an ambivalent manner that we have found insufficient to raise an inference of discriminatory motive. *Nesbit v. Pepsico, Inc.*, 994 F.2d 703, 705 (9th Cir.1993). Roger Condie's alleged discriminatory statement against Asians was inadmissible hearsay and Abad–Santos has not met his burden of proving that the statement fell within any of the exceptions to the hearsay rule. *Cf. Breneman v. Kennecott Corp.*, 799 F.2d 470, 473 (9th Cir. 1986). Therefore, the statement would not be admissible at trial and Abad–Santos has not raised a genuine issue of material fact on the failure to promote claim.

No rational trier of fact could conclude that Abad–Santos suffered from a hostile work environment. He has not offered any evidence "that he was subjected to verbal or physical conduct of a *racial ...* nature." *Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir.1998) (emphasis added). In addition, while the conduct described by Abad–Santos may have been unwelcome, it "is not severe or pervasive enough to create ... an environment that a reasonable person would find hostile or abusive." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993).

■ No rational trier of fact could find that Clark County retaliated against Abad–Santos for engaging in the protected activity of filing a grievance, complaint and

suit claiming discrimination based on the county's failure to promote. McCosker's denial of Abad–Santos's request to be given more commercial plans examination duties did not constitute an adverse employment action that would support a prima facie case because there is no evidence that he was entitled to the type of work requested. McCosker's initial denial of Abad–Santos's emergency leave request did not constitute an adverse employment action because McCosker ultimately approved the request four days later. We have held that decisions subsequently modified are not "sufficiently final to constitute an adverse employment action." *Brooks v. City of San Mateo,* 229 F.3d 917, 930 (9th Cir.2000). Finally, the December 2002 evaluation stating that Abad–Santos's speed and timeliness were "lower than expected" did not support a prima facie case of retaliation because the appellant has failed to show a causal link between the lower employee evaluation and the protected activity. *Yartzoff v. Thomas,* 809 F.2d 1371, 1375 (9th Cir.1987).

Abad–Santos has not raised a genuine issue of material fact under 42 U.S.C. § 1983 because he has not demonstrated a constitutional or statutory violation that requires vindication. *See Crumpton v. Gates,* 947 F.2d 1418, 1420 (9th Cir.1991). Finally, no rational jury could find that there was an intentional infliction of emotional distress because none of the actions by the employees of Clark County were extreme and outrageous and Abad–Santos's work-related anxiety, disorder and depression did not rise to the level of severe or extreme emotional distress. *Star v. Rabello,* 97 Nev. 124, 625 P.2d 90, 91–92 (1981).

**AFFIRMED.**