Carol MORSOVILLO, Plaintiff—
Appellant,

v.

Christina CHANDLER; Clark County
Eighth Judicial District Court; Bill
Ellis; Jerry Keller; The Las Vegas
Metropolitan Police Department;
Rick Loop; Nevada Equal Rights
Commission; Nevada Service Employ-
ee's Union; State Of Nevada; Chuck
Short; Rick Short; U.S. Equal Em-
ployment Opportunity Commission,
Defendants—Appellees.

No. 06–15148.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2007.*

Filed Jan. 17, 2008.

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Kirk T. Kennedy, Esq., Las Vegas, NV, for Plaintiff–Appellant.

Kimberly M. Rushton, Gary A. Pulliam, Esq., Thom Gover, Office of the Nevada Attorney General, Peter M. Angulo, Esq., Rawlings Olson Cannon Gormley & Desruisseaux, Las Vegas, NV, for Defendants–Appellees.

Before: KOZINSKI, Chief Judge, COWEN ** and HAWKINS, Circuit Judges.

### MEMORANDUM***

■ 1. Ellis's conduct didn't create a hostile work environment because it wasn't frequent, severe, pervasive or directed at Morsovillo because of her sex. *See Dominguez–Curry v. Nevada Transp. Dep't,* 424 F.3d 1027, 1034 (9th Cir.2005); *Brooks v. City of San Mateo,* 229 F.3d 917, 923–24 (9th Cir.2000). The evidence permits no other reasonable conclusion, so the district court did not err in granting a directed verdict in Ellis's favor on Morsovillo's hostile work environment claim. *See Peterson v. Kennedy,* 771 F.2d 1244, 1256 (9th Cir. 1985).

2. The other defendants can't be held liable for allowing Ellis to create a hostile work environment because the work environment wasn't hostile. There's no genuine issue of material fact on this point and the district court thus properly granted the other defendants' motion for summary judgment on Morsovillo's hostile work environment claim. *See Villiarimo v. Aloha*

*Island Air, Inc.,* 281 F.3d 1054, 1061 (9th Cir.2002).

■ 3. Morsovillo can't make a prima facie showing she was discriminated against in filling the "lead bailiff" job because Morsovillo wasn't qualified for the job and Ellis was. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Summary judgment in favor of defendants on Morsovillo's failure to promote claim was proper. *See Villiarimo,* 281 F.3d at 1061.

■ 4. Because Ellis's conduct didn't create a hostile work environment, the district court properly granted Ellis's motion for a directed verdict on Morsovillo's negligence and negligent supervision claims. *See Peterson,* 771 F.2d at 1256.

■ 5. Ellis's comments weren't "extreme" or "outrageous," so they can't be the basis of a claim for intentional infliction of emotional distress. *See Star v. Rabello,* 97 Nev. 124, 625 P.2d 90, 92 (1981). Thus, Ellis was entitled to a directed verdict on this claim. *See Peterson,* 771 F.2d at 1256.

■ 6. All other issues weren't raised in Morsovillo's brief and are therefore waived. *See Koerner v. Grigas,* 328 F.3d 1039, 1048 (9th Cir.2003).

**AFFIRMED.**

---

** The Honorable Robert E. Cowen, Senior U.S. Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.