**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREW PULLOS, DBA Precision Engineering, | Nos. 09-16922, 09-17140 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00169-LRH-RAM |
| v. | |
| ALLIANCE LAUNDRY SYSTEMS, LLC, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted March 8, 2011[**]

Before:    FARRIS, LEAVY, and BYBEE, Circuit Judges.

In these consolidated appeals, Andrew Pullos, DBA Precision Engineering,

appeals pro se from the district court's summary judgment in favor of Alliance

Laundry Systems, LLC, in his antitrust and unfair trade practices action. We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1138 (9th Cir. 1997), and we affirm.

The district court properly granted summary judgment on the tying antitrust claims because Pullos failed to raise a genuine issue of material fact as to whether Alliance engaged in a tying arrangement. *See N. Pac. Ry. Co. v. United States*, 356 U.S. 1, 5-6 (1958) (a tying arrangement is "an agreement by a party to sell one product but only on the condition that the buyer also purchases a different (or tied) product, or at least agrees that he will not purchase that product from any other supplier"); *Airweld, Inc. v. Airco, Inc.*, 742 F.2d 1184, 1189 n.2 (9th Cir. 1984) (same framework applies for analyzing tying claims under both the Sherman Act and the Clayton Act).

The district court properly granted summary judgment on the disparagement claim because Pullos failed to raise a genuine issue of material fact as to whether Alliance's statements were either "false" or "material." *Southland Sod Farms*, 108 F.3d at 1139 (stating elements for claim under section 43(a) of the Lanham Act).

The district court properly granted summary judgment on the interference with prospective economic advantage claim because Pullos failed to raise a genuine issue of material fact as to whether Alliance intended to harm Pullos. *See Leavitt v. Leisure Sports Incorporation*, 734 P.2d 1221, 1225 (Nev. 1987) (stating

elements for wrongful interference with prospective economic advantage claim under Nevada law).

The district court properly granted summary judgment on the intentional infliction of emotional distress claim because Pullos failed to raise a genuine issue of material fact as to whether Alliance's alleged conduct was "extreme and outrageous" or he suffered "severe or extreme emotional distress." *Star v. Rabello*, 625 P.2d 90, 91-92 (Nev. 1981) (stating elements for emotional distress claim under Nevada law).

Pullos's remaining contentions are unpersuasive.

Pullos has waived issues not "specifically and distinctly" argued in his opening brief. *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986).

**AFFIRMED.**