# IN THE SUPREME COURT OF THE STATE OF NEVADA

EVANGELINE G. BATISTA; AND
ZENAIDA G. CONCEPCION,
Appellants,
vs.
SALVADOR WONG; PATRIA
PIMENTEL; AND AMANTI PIMENTEL,
Respondents.

No. 64125

FILED

JAN 1 4 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

SALVADOR WONG,
Appellant,
vs.
S. JONES 300, L.P., A DOMESTIC
LIMITED PARTNERSHIP,
Respondent.

PATRIA PIMENTEL; AND AMANTI
PIMENTEL,
Appellants,
vs.
S. JONES 300, L.P., A DOMESTIC
LIMITED PARTNERSHIP; AND
RICHARD DIIORIO,
Respondents.

## ORDER AFFIRMING IN PART,
## REVERSING IN PART AND REMANDING

This is an appeal from a district court judgment in a breach of contract action. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

The appellants all signed personal guarantees guaranteeing the payment of rent for leased commercial space from respondent S. Jones 300, L.P. Each of the appellants was involved in running a restaurant in the space at one time or another during the term of the lease. Because appellants Patria and Amanti Pimentel failed to pay rent under the lease,

16-01401

Jones filed the underlying breach of contract action against the appellants. The Pimentels filed counterclaims against Jones and respondent Richard DiIorio for fraud, unjust enrichment, and intentional infliction of emotional distress. Appellants Evangeline Batista and Zenaida Concepcion filed cross-claims against the Pimentels and appellant Salvador Wong for indemnification. The Pimentels failed to file an answer to the cross-claim. After a trial, the district court dismissed the Pimentels' counterclaims, denied Batista and Concepcion's cross-claims, and entered a judgment in Jones's favor for $101,736.98.

Having considered the parties' arguments and the record on appeal, we conclude that the district court erred in calculating the damages award. While the court properly calculated and awarded Jones unpaid rents, late charges, and the returned check fee, substantial evidence does not support the award of $14,000 for roof damages because those damages were never pled in the complaint and substantial evidence does not support the inclusion in the award of $8,448 reflecting the security deposit retained by Jones. *Sowers v. Forest Hills Subdivision*, 129 Nev., Adv. Op. 9, 294 P.3d 427, 432 (2013) (providing that this court will uphold a district court's factual findings if they are supported by substantial evidence). Thus, we reverse the damages award and remand this matter for the district court to determine the prejudgment interest based on the reduced damages award.[1]

---

[1]We conclude, however, that the attorney fees award to Jones does not need to be reduced as a result of the damages award reduction because the personal guarantees require the guarantors to pay Jones' reasonable attorney fees.

We affirm the district court's dismissal of the Pimentels' counterclaims because they failed to establish fraud, unjust enrichment, or intentional infliction of emotional distress. *Certified Fire Prot. Inc. v. Precision Constr. Inc.*, 128 Nev., Adv. Op. 35, 283 P.3d 250, 257 (2012) (unjust enrichment); *Barmettler v. Reno Air, Inc.*, 114 Nev. 441, 446-47, 956 P.2d 1382, 1386 (1998) (fraud); *Star v. Rabello*, 97 Nev. 124, 125, 625 P.2d 90, 91-92 (1981) (intentional infliction of emotional distress). We also affirm the district court's denial of Batista and Concepcion's cross-claim for indemnification against Wong because they were not third-party beneficiaries of Wong's personal guaranty. *See Pack v. LaTourette*, 128 Nev., Adv. Op. 25, 277 P.3d 1246, 1249 (2012) (explaining that equitable indemnification requires "some duty on the part of the primary tortfeasor to protect the secondary tortfeasor" (quoting *Doctors Co. v. Vincent*, 120 Nev. 644, 654, 98 P.3d 681, 688 (2004))); *Lipshie v. Tracy Inv. Co.*, 93 Nev. 370, 379, 566 P.2d 819, 824-25 (1977) (providing that in order to obtain third party beneficiary status, "there must clearly appear a promissory intent to benefit the third party, and ultimately it must be shown that the third party's reliance thereon is foreseeable" (internal citation omitted)).

We, however, reverse the district court's denial of Batista and Concepcion's cross-claim for indemnification against the Pimentels. The Pimentels never answered the cross-claim, and thus, have admitted to Batista and Concepcion's allegations for indemnity, *see* NRCP 8(d) (providing that "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading"), and they failed to challenge or address in any manner at trial Batista and Concepcion's argument for indemnity. Because when a party is eligible for indemnity, the indemnitee

is entitled to recover from the indemnitor attorney fees and costs incurred in defending the primary action, *Piedmont Equip. Co. v. Eberhard Mfg. Co.*, 99 Nev. 523, 529, 665 P.2d 256, 260 (1983), we remand this matter to the district court to determine whether Batista and Concepcion are entitled to attorney fees from the Pimentels.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:    Hon. Douglas Smith, District Judge
       Amanti Pimentel
       Olson, Cannon, Gormley, Angulo & Stoberski
       Accelerated Law Group
       Patria P. Pimentel
       Premier Legal Group
       Eighth District Court Clerk