**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

DEC 15 2017

FOR THE NINTH CIRCUIT



| | |
|---|---|
| VICTOR PATINO,<br><br>　　　Plaintiff - Appellant,<br><br>　v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>　　　Defendants - Appellees. | No.　16-16675<br><br>D.C. No. 2:15-CV-00009-RFB-PAL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware, II, District Judge, Presiding

Argued and Submitted November 13, 2017
William S. Boyd School of Law
University of Nevada, Las Vegas
Las Vegas, Nevada

Before:　RAWLINSON and BYBEE, Circuit Judges, and MENDOZA[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Salvador Mendoza, Jr., District Judge for the U.S. District Court for the Eastern District of Washington, sitting by designation.

Victor Patino appeals from the district court's summary judgment order in favor of the Las Vegas Metropolitan Police Department (LVMPD), Sergeant William Wilson, and Sheriff Douglas Gillespie on his constitutional unlawful-entry and unlawful-seizure-of-property claims and state tort claims. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's decision de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). Each of Patino's claims arises from the same two actions—Sgt. Wilson's warrantless entry into Patino's backyard and his use of deadly force against Patino's pit bull. Because Sgt. Wilson acted reasonably under the circumstances, all of Patino's claims fail. Accordingly, we affirm.

Summary judgment is proper on Patino's unlawful-entry and unlawful-seizure claims because the undisputed facts show Sgt. Wilson acted reasonably under the circumstances. Sgt. Wilson's warrantless entry into Patino's backyard after hearing what he believed to be a gun shot and moaning noises coming from Patino's yard was justified under the emergency aid exception. *See United States v. Snipe*, 515 F.3d 947, 951–52 (9th Cir. 2008) (holding officers may enter property without a warrant or consent if they have an objectively reasonable belief that there is an immediate need to protect others or themselves from serious harm and the manner of entry is reasonable to meet the need). Sgt. Wilson's use of deadly force in self-defense against Patino's 120-pound charging pit bull was also reasonable under the circumstances. Patino asserts only bare allegations unsupported by the

record to dispute the reasonableness of Sgt. Wilson's actions. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[A] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968) (internal quotation marks omitted))).

Because Sgt. Wilson did not violate Patino's constitutional rights, he need not invoke qualified immunity. Nonetheless, we conclude that the district court correctly held that Sgt. Wilson would be protected by qualified immunity because no clearly established law prohibits his actions. Patino asserts that *San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962, 978 (9th Cir. 2005) (hereinafter *Hells Angels Motorcycle Club*), stands for the proposition that killing a dog is unreasonable where officers are on notice that dogs are on the property. Even if the court accepted this reading, substantial factual differences prevent its application to the present case. *Mueller v. Auker*, 700 F.3d 1180, 1185 (9th Cir. 2012) ("The inquiry called for by [the doctrine of qualified immunity] 'must be undertaken in the light of the specific context of the case, not as a broad general proposition.'") (quoting *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004)). In *Hells Angels Motorcycle Club*, the court held that officers were not entitled to qualified immunity when they shot and killed three dogs during the

execution of a warrant. 402 F.3d at 975–76. The officers had applied for the warrant over a week before its execution and had not developed a plan to restrain the dogs they knew were present on the property. *Id.* at 977. Here, Sgt. Wilson was not engaging in the calculated execution of a warrant, but responding to an emergency.

We also affirm the district court's grant of summary judgment in favor of LVMPD and Sheriff Gillespie on Patino's § 1983 claims for municipal and supervising officer liability. Without a constitutional violation, there can be no municipal liability for a § 1983 claim. *See City of L.A. v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* [a constitutional violation] is quite beside the point."). Likewise, there is no basis to find that Sheriff Gillespie participated in or knew of and failed to prevent any constitutional violation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (holding there must be a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (citing *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987))).

Finally, we affirm the district court's summary judgment on Patino's state law claims for negligence and intentional infliction of emotional distress because

neither claim is supported by the record. *See Scialabba v. Brandise Constr. Co.*, 921 P.2d 928, 930 (Nev. 1996); *Star v. Rabello*, 625 P.2d 90, 91–92 (Nev. 1981).

**AFFIRMED**.