ASSUMPTA MADUIKE, PETER MADUIKE Individually, and as Guardian ad Litem for AMANDA MADUIKE, PATRICK MADUIKE and KINGSLEY MADUIKE, Appellants, *v.* AGENCY RENT-A-CAR, Respondent.

No. 28082

January 22, 1998

953 P.2d 24

*Glade L. Hall,* Reno, for Appellants.

*Thorndal, Backus, Armstrong* and *Balkenbush* and *Charles L. Burcham* and *Michael E. Sullivan,* Reno, for Respondent.

## OPINION

*Per Curiam:*

While driving an automobile rented from Agency Rent-A-Car ("Agency"), the Maduike family was involved in an accident. The Maduikes had rented the car in Reno and driven to Las Vegas for an eleven-day family vacation. Approximately one hour into their drive home to Reno, they heard a loud whistling noise. Peter Maduike called Agency's Reno office to complain about the noise, and was instructed to return the vehicle to the Las Vegas Agency lot. On the trip to Las Vegas, the car caused a minor collision when its brakes failed.

When the Maduikes arrived at Agency's Las Vegas location, Agency refused to replace or repair the vehicle. The next morning, the Maduikes decided to drive the car to Reno, despite their concern about the whistling noise and problems with the brakes. On the drive to Reno, the vehicle went out of control, veered off of the road and hit a rock. Three of the Maduikes were injured in the accident.

The Maduikes claimed negligence, gross negligence, strict liability in tort and intentional infliction of emotional distress, and sought compensatory and punitive damages against Agency. At the conclusion of the Maduikes' case-in-chief, Agency moved to dismiss the causes of action for strict liability, intentional infliction of emotional distress and the prayer for punitive damages. The district court granted these motions.

Following a jury verdict on the remaining causes of action, a judgment was entered awarding the Maduikes $10,000.00 in compensatory damages. The jury also returned a special verdict finding Peter Maduike forty-five percent comparatively negligent and reducing the damages award commensurately. The Maduikes

now appeal from the district court's judgment, claiming that the district court erred in dismissing their causes of action for strict liability and intentional infliction of emotional distress and their prayer for punitive damages.

NRCP 41(b) provides that a party may move for involuntary dismissal "on the ground that upon the facts and the law the plaintiff has failed to prove a sufficient case for the court or jury." In ruling on a motion to dismiss, the court must accept the plaintiff's evidence as true and draw all permissible inferences in the plaintiff's favor, and may not assess the credibility of witnesses or the weight of the evidence. Chowdry v. NLVH, Inc., 109 Nev. 478, 482, 851 P.2d 459, 461 (1993) (citation omitted).

*Intentional infliction of emotional distress*

A prima facie case of intentional infliction of emotional distress requires, among other elements, that the defendant's conduct was extreme and outrageous with either reckless disregard or intent to cause the emotional distress. Star v. Rabello, 97 Nev. 124, 625 P.2d 90 (1981). The district court dismissed the cause of action for intentional infliction of emotional distress based on the Maduikes' failure to show "outrageous conduct."

According to the California Book of Approved Jury Instructions ("BAJI") No. 12.74, extreme and outrageous conduct is that which is "outside all possible bounds of decency" and is regarded as "utterly intolerable in a civilized community." BAJI 12.74 further instructs that "persons must necessarily be expected and required to be hardened . . . to occasional acts that are definitely inconsiderate and unkind."

The Maduikes contend that Agency's conduct was extreme and outrageous. They argue that evidence was presented that: (1) Agency rented to the Maduikes a three-year-old car with over 53,000 miles of service and only $349.00 in repairs expended; (2) Agency rented the car to them without inspecting its safety equipment after a rental of over a month to another customer; (3) Agency rented the car to them despite a "readily apparent" brake or tire problem; (4) after the Maduikes had been directed to return to Las Vegas and after the brakes had failed, causing the rear-end accident, Agency refused to take any measures to repair or prevent further driving of the car.

Peter Maduike testified that the Las Vegas Agency employee who refused to replace the rental car stated, "There is nothing I

can do, man. There is nothing I can do, man.'' According to testimony, the employee then ignored Peter. Agency argues that this conduct, at most, can be considered an indignity or unkind or inconsiderate behavior, but does not rise to the level of being atrocious, intolerable or outside all possible bounds of decency.

Agency also notes that the Maduikes base their emotional distress claim on events that occurred *after* Agency refused to replace the vehicle, including driving around Las Vegas looking for a motel room, unsuccessfully attempting to cash a check and being accosted by individuals in a casino parking lot. Agency challenges the causal connection between its conduct and the emotional distress resulting from these events.

We agree with Agency's argument, and conclude that the district court, after considering all evidence in a light most favorable to the Maduikes and drawing all inferences in their favor, did not err by finding that the element of extreme and outrageous conduct was not met in the Maduikes' case-in-chief.

*Punitive damages*

NRS 42.005 provides:

1. Except as otherwise provided in NRS 42.007, in an action for breach of an obligation not arising from contract, where it is proven that defendant has been guilty of oppression, fraud or malice, express or implied, the plaintiff, in addition to the compensatory damages, may recover damages for the sake of example and by way of punishing the defendant.

NRS 42.001 defines ''oppression'' as ''despicable conduct that subjects a person to cruel and unjust hardship with conscious disregard of the rights of the person.'' The Maduikes argue that refusing to repair or replace an unsafe vehicle rented by a young couple with small children who are four hundred miles from home meets the definition of oppression. Therefore, the Maduikes argue, the jury should have been allowed to consider awarding punitive damages.

Agency argues that the factual record in this case fails to show proof of oppression as a matter of law because the Maduikes provided no evidence of Agency's intent to cause hardship or conscious disregard for the Maduikes' rights. In First Interstate Bank v. Jafbros Auto Body, 106 Nev. 54, 57, 787 P.2d 765, 767 (1990), this court held that ''even unconscionable irresponsibility will not support a punitive damages award.''

We conclude that the district court could not have reasonably inferred from the evidence that Agency subjected the Maduikes to "cruel and unjust hardship with conscious disregard of the rights of the person." *See* NRS 42.001. Accordingly, we hold that the district court properly granted the motion for involuntary dismissal of the Maduikes' punitive damage claim.

*Strict liability*

To present a prima facie case for strict liability in tort, a plaintiff must establish that her injuries were caused by a defect in the product, and that the defect existed when the product left the defendant's control.[1] Shoshone Coca-Cola Bottling Co. v. Dolinski, 82 Nev. 439, 420 P.2d 855 (1966). The district court dismissed the Maduikes' cause of action for strict liability based on their failure to show that the car was defective when it left Agency's control.

The Maduikes presented trial testimony that the rented vehicle had defective brakes which caused the car to lose control, injuring some of the Maduike family members. The person who rented the car prior to the Maduikes' rental testified that the vehicle had not performed properly, that the brakes pulsated and that the car pulled, shimmied and wobbled while braking, and that he thought the problem was related to the tires. Evidence that the car had not received any service or repair between that rental and the time the Maduikes took the car was also presented. Therefore, the Maduikes argue that they made a prima facie case of strict liability by showing that the car had a defect when it left the Agency lot in Reno, and that the brake and tire defect caused the car to lose control, inflicting injuries on some of the Maduike family members.

Agency argues that the Maduikes experienced no brake related problems in the first eleven days of the rental, and, therefore, the Maduikes failed to show that the alleged defect existed at the time the vehicle left Agency's control. Agency also points to a service report evaluating the condition of the brakes after the rental, which indicated that, although the brakes were in an impaired condition, they were still functioning. In light of this evidence, Agency argues that the facts do not provide a reasonable basis for

[1]At oral argument of this appeal, Agency contended that strict liability does not and should not apply to lessors of personalty. However, Agency failed to raise this argument in its brief, and predicated its brief on the assumption that strict liability is applicable, subject to the standards governing sellers of personalty. Accordingly, we decline to address the general applicability of strict liability to lessors of personalty.

the court to draw the necessary inference that the brakes were defective when the car left Agency's hands. *See* Griffin v. Rockwell Int'l., Inc., 96 Nev. 910, 620 P.2d 862 (1990) (actual facts shown at trial did not provide a reasonable basis for inferring a product defect). We disagree. Agency's reliance on evidence contrary to the Maduike's evidence is not sufficient to support a motion to dismiss. When considering a motion to dismiss, the district court must accept the plaintiff's evidence as true and draw all permissible inferences in the plaintiff's favor. *Chowdry,* 109 Nev. at 482, 851 P.2d at 461 (citation omitted). Accordingly, we conclude that Agency's argument lacks merit.

The district court could have reasonably inferred from the Maduikes' evidence that the car had a defect when it left the Agency lot in Reno, and that the defect caused the car to lose control, satisfying the requirements for a prima facie case of strict liability. Therefore, we hold that the district court erred in granting Agency's motion to dismiss the cause of action for strict liability in tort.

The jury awarded the Maduikes compensatory damages for their injuries on the cause of action for negligence. Their strict liability claim contemplated those same injuries; therefore, a finding of culpability for strict liability would not affect the calculated damages. However, the jury rendered a special verdict reducing the Maduikes' recovery by forty-five percent due to their comparative negligence. Such comparative negligence reductions do not apply when the claim is based on strict liability. Accordingly, the improper dismissal of the Maduike's strict liability claim was not harmless. *See* NRCP 61. We therefore reverse the district court's judgment and remand this case to the district court for proceedings consistent with this opinion.[2]

---

[2]THE HONORABLE A. WILLIAM MAUPIN, Justice, voluntarily recused himself from participation in the decision of this appeal.