Laurie BOLLINGER, Plaintiff— Appellant,

v.

David THAWLEY, an individual; Esmail Zanjani, an individual University and Community College System of Nevada, a political subdivision of the State of Nevada, Defendants—Appellees.

No. 07–15314.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 21, 2008.*

Filed Dec. 24, 2008.

---

* The Honorable William T. Hart, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jeffrey A. Dickerson, Law Office of Jeffrey A. Dickerson, Reno, NV, for Plaintiff–Appellant.

Mary Phelps Dugan, Esq., Charles Hilsabeck, Esq., University & Community Colleges, State of Nevada, Office of General Counsel, Reno, NV, for Defendants–Appellees.

Before: WALLACE, THOMAS, and GRABER, Circuit Judges.

MEMORANDUM **

Laurie Bollinger appeals from a grant of summary judgment to two University of Nevada, Reno employees and the University and Community College System of Nevada. We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

I

The district court properly entered summary judgment on Bollinger's conspiracy claim pursuant to 42 U.S.C. § 1985(2). That section prohibits "two or more persons ... [from] conspir[ing] to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully." However, "[a]llegations of witness intimidation under

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 1985(2) will not suffice for a cause of action unless it can be shown the *litigant* was hampered in being able to present an effective case." *David v. United States*, 820 F.2d 1038, 1040 (9th Cir.1987); *see also Blankenship v. McDonald*, 176 F.3d 1192, 1196 (9th Cir.1999). The district court correctly concluded that because Bollinger was not a party to a case in which she seeks to testify, she cannot sustain a claim based on that case under § 1985(2).

## II

■ The district court properly entered summary judgment on Bollinger's claim that David Thawley and Esmail Zanjani retaliated against her because she planned to testify in a pending lawsuit. To establish a 42 U.S.C. § 1983 First Amendment retaliation claim, a public employee must first establish a prima facie case by showing "that (1) she engaged in protected speech; (2) the defendants took an adverse employment action against her; and (3) her speech was a substantial or motivating factor for the adverse employment action." *Hudson v. Craven*, 403 F.3d 691, 695 (9th Cir.2005) (quoting *Thomas v. City of Beaverton*, 379 F.3d 802, 808 (9th Cir.2004)).

Bollinger failed to establish that she had suffered a cognizable adverse employment action. An adverse employment action is an action "reasonably likely to deter employees from engaging in protected activity." *Coszalter v. City of Salem*, 320 F.3d 968, 976 (9th Cir.2003) (quoting *Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000)). Mere harsh words or threats are insufficient to constitute an actionable adverse employment action. *Nunez v. City of Los Angeles*, 147 F.3d 867, 875 (9th Cir.1998).

Bollinger has not claimed anything more serious than the scolding and verbal threats we held insufficient in *Nunez*.

Her allegations that Thawley yelled at her and later wrote her a letter instructing her to speak with the police, and that Zanjani remarked to a third party that he might take away her office space are not enough to sustain the cause of action.

## III

■ The district court properly entered summary judgment on Bollinger's state law claim for intentional infliction of emotional distress. To establish a claim for intentional infliction of emotional distress under Nevada law, a complaint must allege: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Barmettler v. Reno Air, Inc.*, 114 Nev. 441, 956 P.2d 1382, 1386 (1998) (quoting *Star v. Rabello*, 97 Nev. 124, 625 P.2d 90, 91–92 (1981)).

"[E]xtreme and outrageous conduct is that which is 'outside all possible bounds of decency' and is regarded as 'utterly intolerable in a civilized community.'" *Maduike v. Agency Rent–A–Car*, 114 Nev. 1, 953 P.2d 24, 26 (1998) (quoting California Book of Approved Jury Instructions BAJI No. 12.74). "[P]ersons must necessarily be expected and required to be hardened . . . to occasional acts that are definitely inconsiderate and unkind." *Id.* (quoting BAJI No. 12.74). Bollinger has not alleged any more than the inconsiderate and unkind act of Thawley yelling at her, which does not, as a matter of law, constitute intentional infliction of emotional distress under Nevada law.

**AFFIRMED.**