**Donald FREUND, Plaintiff–Appellant,**

v.

**SIERRA PACIFIC RESOURCES; NEVADA POWER COMPANY, Defendants–Appellees.**

**No. 07–16937.**

United States Court of Appeals, Ninth Circuit.

* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.

Submitted March 12, 2009 *.

Filed March 17, 2009.

Kirk T. Kennedy, Esquire, Las Vegas, NV, for Plaintiff–Appellant.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jeffrey Scott Judd, Esquire, Susan Hilden, Esquire, Littler Mendelson, P.C., Las Vegas, NV, for Defendants–Appellees.

Before: McKEOWN and IKUTA, Circuit Judges, and WALTER,** Senior District Judge.

## MEMORANDUM ***

■ The district court did not err in granting summary judgment in favor of Sierra Pacific Resources and Nevada Power Company (collectively, "NPC") on Freund's ADEA and state law age discrimination claims. Freund failed to establish a prima facie case of age discrimination, because NPC replaced Freund with employees who had superior qualifications. *See Breitman v. May Co. Cal.,* 37 F.3d 562, 565 (9th Cir.1994) (a plaintiff's failure to establish that he "was replaced by a substantially younger employee with equal or inferior qualifications" justifies summary judgment for failure to establish prima facie case); *see also Ritter v. Hughes Aircraft Co.,* 58 F.3d 454, 457 (9th Cir. 1995).

■ Nor did the district court err in granting NPC's motion for summary judgment on Freund's claim of retaliation. Even assuming Freund established a prima facie case of retaliation, he failed to create a triable issue as to whether NPC's stated reason for firing Freund (poor job performance) was pretextual. *See Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1222 (9th Cir.1998). The record estab-lishes that after NPC restructured Freund's department to focus on providing engineering services, both Freund's former and current supervisors determined that Freund's performance needed improvement or that he was not meeting his job requirements. Freund's conclusory assertions that NPC must have had a discriminatory intent in discharging him are insufficient to avoid summary judgment. *Collings v. Longview Fibre Co.,* 63 F.3d 828, 834 (9th Cir.1995); *see also Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 890–91 (9th Cir.1994).

Freund waived his claim of state law wrongful termination by failing to put forth legal argument on the issue. *See Greenwood v. FAA,* 28 F.3d 971, 977 (9th Cir.1994).

■ Finally, the district court did not err in granting NPC's motion for summary judgment on Freund's claim of intentional infliction of emotional distress. Freund failed to present evidence that the conduct engaged in by NPC or Ott is "outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Kahn v. Morse & Mowbray,* 121 Nev. 464, 478 n. 18, 117 P.3d 227 (2005) (quoting *Maduike v. Agency Rent–A–Car,* 114 Nev. 1, 4, 953 P.2d 24 (1998)).

**AFFIRMED.**

---

** The Honorable Donald E. Walter, Senior United States District Judge for the Western District of Louisiana, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.