**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NICHOLAS BOROVAC, | No. 13-16546 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00336-LRH-VPC |
| v. | |
| CHURCHILL COUNTY SCHOOL DISTRICT; CAROLYN ROSS, in her official and individual capacity; and KEVIN LORDS, in his official and individual capacity, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, Senior District Judge, Presiding

Argued and Submitted October 23, 2015
San Francisco, California

Before: HAWKINS, SILVERMAN, and CHRISTEN, Circuit Judges.

Plaintiff Nicholas Borovac appeals the dismissal of his procedural due process,

substantive due process, and intentional infliction of emotional distress claims against

---

 * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Churchill County School District, superintendent Carolyn Ross, and principal Kevin Lords. We affirm.

The record shows that Plaintiff received all of the process to which he was due before he was suspended from school for ten days. *Goss v. Lopez*, 419 U.S. 565, 581 (1975); *Wynar v. Douglas Cnty. Sch. Dist.*, 728 F.3d 1062, 1073-74 (9th Cir. 2013).

The record also shows that, regardless of their actual motivation, Defendants could have had a legitimate reason for their decision to suspend Plaintiff for the remainder of the school year. Thus, Plaintiff also received substantive due process. *Halverson v. Skagit Cnty.*, 42 F.3d 1257, 1262 (9th Cir. 1994) (citing *Kawaoka v. City of Arroyo Grande*, 17 F.3d 1227, 1234 (9th Cir. 1994)).

Finally, any error in dismissing Plaintiff's intentional infliction of emotional distress claim at the pleading stage was harmless in light of the record evidence and remand for further proceedings would be futile. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (dismissal of a claim may be affirmed on any ground supported by the record). Undisputed portions of the record show that Plaintiff did not suffer the level of emotional distress required for liability under Nevada law. *Star v. Rabello*, 625 P.2d 90, 92 (Nev. 1981) (requiring "severe or extreme emotional distress"). In addition, given the undisputed facts of Plaintiff's own conduct, Defendants' conduct did not rise to the level of extreme and outrageous conduct. *See Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (extreme

2

and outrageous conduct is conduct a reasonable person would view as "outside all possible bounds of decency" and "utterly intolerable in a civilized community").

**AFFIRMED.**