**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSEMARY GARITY, | No. 13-15195 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01109-PMP-CWH |
| v. | |
| APWU NATIONAL LABOR ORGANIZATION, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Argued and Submitted November 3, 2015
Pasadena, California

Before: FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Plaintiff Rosemary Garity brought an action against the American Postal

Workers Union ("APWU"), the union that represented Garity in her role as a clerk

for the United States Postal Service, pleading claims for hostile work environment

under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

negligent retention and intentional infliction of emotional distress under Nevada state tort law, and federal claims under 42 U.S.C. §§ 1985 and 1986. The district court dismissed these claims with prejudice, and Garity now appeals. Because the facts and proceedings are known to the parties, we discuss them here only as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court properly dismissed Garity's hostile work environment claim under the ADA.[1] Assuming without deciding that such a claim exists in this circuit, *see Brown v. City of Tucson*, 336 F.3d 1181, 1190 (9th Cir. 2003), and that we would apply Title VII law to analyze it, *see, e.g.*, *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1038 (9th Cir. 2006), Garity has not pleaded sufficient facts to suggest that a "reasonable person would find [her work environment] hostile or abusive," *see Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998), or that any ill-treatment directed towards her by the APWU was based on her disability. We have little doubt that Garity found her work environment subjectively unpleasant, but the evidence put forward in her amended complaint does not meet

---

[1] We address Garity's additional claims under the ADA (disability discrimination, failure to accommodate, and retaliation) in a published opinion filed with this memorandum.

the "demanding" standard necessary to state a hostile work environment claim. *Id.* at 788.

2. The district court also properly dismissed Garity's intentional infliction of emotional distress ("IIED") claim. To make out a valid IIED claim under Nevada law, a plaintiff must show "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Star v. Rabello*, 625 P.2d 90, 92 (Nev. 1981). "Extreme and outrageous conduct" is defined as conduct that is "atrocious, intolerable or outside all possible bounds of decency." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (per curiam).

Even assuming that Garity suffered from severe distress caused by her interactions with APWU, she falls far short of stating a valid claim on the "extreme and outrageous" element. The specific APWU actions she complains of include "intentionally refusing to file grievances, withdrawing grievances, writing a 3-page signed statement [about Garity to management] with [the word] yelling underlined, [sic] against plaintiff for management, impeding the Union investigation, colluding with management to fire plaintiff, arranging a 6-day work week for the plaintiff, and calling the sheriff to evict the plaintiff from the September, [sic] 2011 Union

3

meeting." This conduct plainly does not qualify as "extreme or outrageous."

Though she alleges "emotional violence" at the hands of APWU, she offers no incidents of aggressive encounters, crude insults, or the like. Indeed, Garity pleads no additional facts to support her IIED claim beyond those used to support her ADA disability discrimination claims, and though "[d]iscriminatory employment practices are wrong . . . the tort of [IIED] is not intended to reach every discrimination claim." *Alam v. Reno Hilton Corp.*, 819 F. Supp. 905, 911 (D. Nev. 1993). APWU may have been inconsiderate or unkind to Garity, but its actions did not reach the level necessary to sustain an IIED claim.

3. Additionally, the district court correctly dismissed Garity's negligent retention claim. Under Nevada law, an "employer has a duty to use reasonable care in the training, supervision, and retention of his or her employees to make sure that the employees are fit for their positions." *Hall v. SSF, Inc.*, 930 P.2d 94, 99 (Nev. 1996). It is a "basic tenet," however, that an employer is only liable for "negligent hiring, training, or supervision of an employee" if the person involved is

4

"*actually . . . an employee.*"  *Rockwell v. Sun Harbor Budget Suites*, 925 P.2d

1175, 1181 (Nev. 1996) (emphasis added).[2]

Here, as APWU asserts, the APWU officials that Garity claims were

negligently retained were not *employees*, but rather *elected leaders* chosen by the

members of the union and removable only by specific internal processes.  Indeed,

in her complaint Garity mentions that one of the officials, whom she claims APWU

negligently retained, only "t[ook] over as President of the Local #7156" after she

was "voted in by the favorite employees who [were] in the majority at the Pahrump

Post Office."  As a matter of common sense, there can be no negligent retention if

there is no employer-employee relationship, and Garity offers no case authority to

---

[2] The *Rockwell* decision explicitly lists only negligent "hiring, training, or supervision" and does not mention negligent "retention."  *See Rockwell*, 925 P.2d at 1181.  However, there is no reason to believe that the "actual employee" limitation would not apply to  the tort of negligent retention, and in the only published Nevada Supreme Court decision to consider the tort, a bona fide employer-employee relationship was at issue.  *See Hall*, 930 P.2d at 99.

5

suggest otherwise, nor can she point to any Nevada cases finding tort liability against a union for the conduct of its elected officials.[3]

4. Garity's claims under 42 U.S.C. §§ 1985 and 1986 also fail. Both Garity and APWU agree with the district court that 42 U.S.C. § 1985 "may not be invoked to redress violations" of anti-discrimination statutes like Title VII and the ADA. *See Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 378 (1979). And a "claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). Garity attempts to skirt these conclusions by gesturing to a door that might have been left open in her complaint—a reference to violations of "Title VII *and other rights*," and two exhibits that mention denials of "due process rights."

---

[3] Alternatively, Garity's negligent retention claim is preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). Section 301's "broad preemptive scope entirely displaces any state cause of action based on a [collective bargaining agreement], as well as any state claim whose outcome depends on analysis of the terms of the agreement." *Cook v. Lindsay Olive Growers*, 911 F.2d 233, 237 (9th Cir. 1990). Because Garity's negligent retention claim "can be resolved only be referring to the terms" of various union agreements—here, the collective bargaining agreement between APWU and the United States Postal Service, as well as the APWU Constitution that dictates how its elected officials can be removed—her state tort claim is preempted by federal law. *Id*.

Garity's argument fails for two reasons. First, even assuming there were violations of Garity's "other rights," the violations arise from the same set of facts that ground her Title VII claim and do not represent a "separately remediable claim." *See Otto v. Heckler*, 781 F.2d 754, 756 (9th Cir. 1986), *amended by* 802 F.2d 337. Second, Garity's charge that the APWU "cut off" her ability to speak at a union meeting in violation of her "due process" rights, seeks to hold APWU, a private actor, liable for violating the First Amendment. APWU is not a state actor. *See Blum v. Yaretsky*, 457 U.S. 991, 1002–03 (1982); *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948).

4. Finally, we affirm the district court's dismissal of these claims with prejudice. Though we recognize that "[u]nless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action," *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995), we find that any such amendment would be futile. Garity has already amended her complaint once, and provided a lengthy and detailed timeline of events (it spanned fourteen pages and 151 separately enumerated items); we find it unlikely that there are additional relevant facts to plead.

The parties shall bear their own costs on appeal.

7

**AFFIRMED.**