# IN THE SUPREME COURT OF THE STATE OF NEVADA

PAMELA CAMPBELL; AND JAMES
CAMPBELL,
Appellants,
vs.
DONALD LAUGHLIN,
Respondent.

No. 77589

FILED

DEC 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment in a tort action. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge.[1] As part of her employment duties as a security emergency medical technician for non-party Riverside Resort and Casino (Riverside), appellant Pamela Campbell was assigned to care for respondent Donald Laughlin while he recovered from surgery at his Riverside residence. Pamela and her husband, appellant James Campbell, later sued Laughlin, Riverside, and another party based on her allegation that she contracted a communicable disease from Laughlin while caring for him. As pertinent to this appeal, the district court entered summary judgment in favor of Laughlin.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-45523

Appellants argue that the district court erroneously granted summary judgment on their tort claims. We review de novo, *see Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing a district court's grant of summary judgment de novo), and disagree because appellants' claims fail on the merits.[2] Regarding false misrepresentation, the parties do not dispute that respondent made no affirmative false statement to Pamela, and appellants fail to demonstrate that respondent had a duty to disclose his medical condition, such that an omission would constitute a false representation.[3] *See Barmettler v. Reno Air, Inc.*, 114 Nev.

---

[2]In light of our conclusion, we need not address the district court's alternative basis for granting summary judgment.

[3]We decline to address appellants' arguments that NRS 441A.180(1) (providing that "[a] person who has a communicable disease in an infectious state shall not conduct himself or herself in any manner likely to expose others to the disease or engage in any occupation in which it is likely that the disease will be transmitted to others") and NRS 441A.220 (addressing permissible disclosures of confidential health information in communicable-disease or drug-overdose circumstances) provided a duty to disclose as they did not raise that below. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (holding that this court need not address issues not raised below). Moreover, appellants fail to cite to relevant controlling authority supporting their argument that respondent had a duty to disclose under these statutes. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330, 130 P.3d 1280, 1288 (2006) (holding that an appellant must present relevant authority in support of his or her contentions). And the authorities they do cite to are distinguishable in that they address a sexual partner's failure to inform the other that they were infected with a communicable disease. *See Doe v. Johnson*, 817 F. Supp. 1382, 1385 (W.D. Mich. 1993) (partner failed to inform the other that he was HIV positive before engaging in consensual sex); *Behr v. Redmond*, 123 Cal. Rptr. 3d 97, 103 (Ct. App. 2011) (man engaged in sexual relationship with a partner

441, 447, 956 P.2d 1382, 1386 (1998) (requiring a defendant to supply false information or make a false representation for fraudulent misrepresentation claims); *Midwest Supply, Inc. v. Waters*, 89 Nev. 210, 212-13, 510 P.2d 876, 878 (1973) (holding that the suppression of a material fact which defendant has a duty to disclose is equivalent to a false representation).

Appellants also fail to demonstrate any affirmative action that respondent took to transmit the disease to Pamela, precluding liability for battery, assault, and negligent infliction of emotional distress. *See* NRS 200.481(1)(a) (defining battery); NRS 200.471(1)(a) (defining assault); *see also Clark Cty. Sch. Dist. v. Payo*, 133 Nev. 626, 636, 403 P.3d 1270, 1279 (2017) (holding that to prevail on a negligence claim, the plaintiff must first establish a duty of care); *Nelson v. City of Las Vegas*, 99 Nev. 548, 556 n.4, 665 P.2d 1141, 1146 n.4 (1983) (explaining that the basis for a negligent infliction of emotional distress claim is a negligence cause of action); Restatement (Third) of Torts: Inten. Torts to Persons § 101 cmt. c (2015) ("In addition to requiring that the actor's conduct be voluntary, both battery and assault liability require *affirmative* conduct, i.e., an act or course of activity. A mere omission is insufficient for liability.").

Lastly, regarding appellants' intentional infliction of emotional distress claim, because respondent did not have a duty to inform the public of his disease, and because Pamela's employment posed an elevated risk for these types of exposures, we conclude that respondent's failure to disclose

---

after lying that he had no sexually transmitted disease), *as modified* (Mar. 25, 2011).

his medical status here did not constitute extreme and outrageous conduct. *Maduike v. Agency Rent-A-Car*, 114 Nev. 1, 4, 953 P.2d 24, 26 (1998) (describing extreme and outrageous conduct needed for an intentional infliction of emotional distress claim as that which falls "outside all possible bounds of decency" and is regarded as "utterly intolerable in a civilized community" (internal quotation marks omitted)). We therefore,

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Joseph Hardy, Jr., District Judge
Persi J. Mishel, Settlement Judge
H&P Law, PLLC
Claggett & Sykes Law Firm
Brandon Smerber Law Firm
Eighth District Court Clerk