NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 5 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FEI FEI FAN,<br><br>             Plaintiff-Appellant,<br><br>  v.<br><br>YAN YAO JIANG and WEI WU,<br><br>             Defendants-Appellees. | No.   23-16215<br><br>D.C. No.<br>3:21-CV-00458-RCJ-CSD<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted November 12, 2024**
San Francisco, California

Before:  S.R. THOMAS and MILLER, Circuit Judges, and MOLLOY,*** District Judge.

In October 2021, Plaintiff-Appellant Fei Fei Fan sued Defendant-Appellee

Yan Yao Jiang, a fellow professor at the University of Nevada, Reno, alleging

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

1

Jiang subjected her to sexual abuse since 2006, when she came to the United States to study under him in the mechanical engineering department. Fan alleges violations of federal sex trafficking statutes, as well as state law tort claims. Fan also sued Jiang's wife, Defendant-Appellee Wei Wu, under state law theories of intentional infliction of emotional distress, trespass, and assault because Wu went to Fan's apartment to confront her about Jiang and Fan's relationship. Both Jiang and Wu successfully sought dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The district court also *sua sponte* sanctioned Fan for bringing "frivolous" claims against Wu, awarding Wu attorney fees. This appeal followed.

1. The *sua sponte* sanctions order did not determine the specific amount of the fee award and is therefore not a final appealable order. *Jensen Elec. Co. v. Moore, Caldwell, Rowland & Dodd, Inc.*, 873 F.2d 1327, 1329 (9th Cir. 1989). Accordingly, that portion of Fan's appeal is dismissed for lack of jurisdiction. *See* 28 U.S.C. § 1291. Nonetheless, we have jurisdiction over Fan's challenges to the district court's dismissal orders, *see id.*, which are reviewed de novo, *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 777 (9th Cir. 2024).

2. All three of Fan's federal trafficking claims are subject to a ten-year statute of limitations. *See* 18 U.S.C. § 1595(c)(1). Because the limitations issue was apparent on the face of the complaint, and Fan has not pleaded a continuity of Jiang's 2006–2008 conduct extending into the statutory period, the district court

appropriately dismissed her federal trafficking claims based on conduct from 2006–2008 as time barred. *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013).

3.  Fan's remaining sex trafficking claims under 18 U.S.C. § 1591(a) fail as a matter of law. Fan failed to plead that she was "recruit[ed], entic[ed], harbor[ed], transport[ed], provid[ed], obtain[ed], advertis[ed], maintain[ed], patroniz[ed] or solicit[ed]" in interstate commerce for the purpose of engaging in a commercial sex act. 18 U.S.C. § 1591(a); *see United States v. Brooks*, 610 F.3d 1186, 1195 (9th Cir. 2010) ("[Section] 1591(a) requires that the defendant *knew* that the victim would engage in a commercial sex act."). For the 2008–2015 period, Fan alleges only that Jiang sexually harassed her remotely, and upon her voluntary return to Reno in 2015, that Jiang served as her academic mentor, was assigned to her Tenure Committee, and resumed abusing her physically. The requisite causation element is absent.

4.  Nevertheless, Fan has plausibly alleged a forced labor claim under 18 U.S.C. § 1589(a)(4) for the 2015–2019 period. Fan alleges that Jiang caused her "serious harm" in that he brainwashed her into believing he was responsible for her employment, and "caused [her] to believe that if [she] withheld sex from [him], [she] would suffer harm and damage on her visa, schooling prospects, stipend, degree, and employment." At the pleadings stage, this is sufficient to allege forced

3

labor. *See United States v. Dann*, 652 F.3d 1160, 1169–71 (9th Cir. 2011).

5. The only conduct underlying Fan's trafficking into servitude claim under 18 U.S.C. § 1590 occurred in 2006–2008. Thus, this claim is time barred and was properly dismissed.

6. Because one of Fan's federal trafficking claims survives, we reverse the district court's dismissal of Fan's state law claims against Jiang. We make no finding as to those claims other than to clarify that if the district court declines to exercise supplemental jurisdiction over them in the future, *see* 28 U.S.C. § 1367(c), they must be dismissed without prejudice, *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

7. Fan's claims against Jiang share a "a common nucleus of operative fact[s]" with her state law claims against Wu. *See Notrica v. Bd. of Supervisors*, 925 F.2d 1211, 1213 (9th Cir. 1991) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). The district court therefore had supplemental jurisdiction over both sets of claims, *see* 28 U.S.C. § 1367(a), and the discretion to address the claims against Wu on the merits, *see Acri v. Varian Assocs.*, 114 F.3d 999, 1000–01 (9th Cir. 1997). All three claims fail as a matter of law. Fan's intentional infliction of emotional distress and assault claims fail because, construing the allegations as true and in Fan's favor, Wu's conduct was neither "extreme" or "outrageous," *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev.

1998), nor sufficient to "[i]ntentionally plac[e] another person in reasonable apprehension of immediate bodily harm," Nev. Rev. St. 200.471(1)(a)(2).  Fan's trespass claim fails because Fan failed to allege a requisite property right, *see Iliescu v. Regional Trans. Comm'n of Washoe Cnty.*, 522 P.3d 453, 460 (Nev. App. 2022), as she did not have such a right to the hallway outside her apartment door, *see Merica v. State*, 488 P.2d 1161, 1162–63 (Nev. 1971).

**DISMISSED IN PART, AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.   Each party to bear their own costs on appeal.**