NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 9 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PETER DELVECCHIA, individually, and as next friend of A.D., a minor,

Plaintiff - Appellant,

v.

FRONTIER AIRLINES, INC.; SCOTT ALEXANDER WARREN; REX TYLER SHUPE,

Defendants - Appellees,

No. 24-5847

D.C. No.
2:19-cv-01322-KJD-DJA

MEMORANDUM\*

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted January 8, 2026
Phoenix, Arizona

Before: HAWKINS, RAWLINSON, and BRESS, Circuit Judges.
Dissent by Judge BRESS.

Peter DelVecchia, a White man, and his adopted son A.D., who is Black, sued

Frontier Airlines, Rex Shupe (a Frontier pilot), and Scott Warren (a Frontier flight

attendant) for racial discrimination under 42 U.S.C. § 1981. The plaintiffs also

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

advanced various tort claims under Nevada law.  The district court granted summary judgment for defendants on all claims.  "We review the district court's grant of summary judgment *de novo*."  *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017).  We assume the parties' familiarity with the facts.  With the exception of the defamation claims based on statements Frontier made to airport security officials in the ACARS system, which are immune from liability under federal law, we conclude that plaintiffs' claims turn on genuine disputes of material fact.  We thus affirm in part, reverse in part, and remand for further proceedings.

1.      Plaintiffs have produced sufficient evidence of racial discrimination under § 1981 to survive summary judgment.  *See Lindsey v. SLT Los Angeles, LLC*, 447 F.3d 1138, 1144, 1152 (9th Cir. 2006) (claims under § 1981 can be based on direct and circumstantial evidence).  A jury could conclude that the decision to separate plaintiffs during the flight arose from the flight attendants' disbelief that the plaintiffs were related given their different races, and that the flight attendants more generally viewed plaintiffs with suspicion because they were of different races.  Frontier points to the fact that one flight attendant said she witnessed Peter caressing A.D.'s face in an unusual manner, as well as Warren's report that he had seen Peter with his hand on A.D.'s crotch while the pair were asleep.  But as to the former, a jury could conclude that the alleged caressing was appropriate behavior as between a parent and child of A.D.'s age, and that the reason it raised suspicion was because

of the plaintiffs' races. In addition, no other person saw Peter with his hand on A.D.'s crotch, including the passenger seated in the same row, so that issue depends on Warren's credibility as a witness.

In addition, after the flight landed, one flight attendant mentioned a human trafficking class and the fact that plaintiffs have different races when discussing the incident with police on the ground. On this record, a reasonable jury could conclude that Frontier's decision to separate plaintiffs during the flight was based on racial biases and denied plaintiffs the equal right to contracted-for services based on race.

2. The plaintiffs have also produced sufficient evidence to survive summary judgment on their state law claims.

With respect to the battery claim, Peter testified that he was struck multiple times on the back of the head as he awoke and that Warren was standing above him when he felt the blows. Plaintiffs also produced evidence showing that Peter experienced medical symptoms consistent with post-concussive syndrome after the flight. Whether Warren struck Peter is thus genuinely disputed.

Likewise, A.D.'s testimony about Warren's demonstration, in which Warren allegedly reached his hand towards A.D.'s lap area to show A.D. Peter's alleged actions, suffices to survive summary judgment on plaintiffs' assault claim. *See State v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark*, 573 P.3d 1254, 1256 (Nev. 2025) (under Nevada law, assault requires "(1) [u]nlawfully attempting to use physical

force against another person; or (2) [i]ntentionally placing another person in reasonable apprehension of immediate bodily harm") (quoting Nev. Rev. Stat. § 200.471). Warren's alleged interaction with A.D. in the back of the plane is enough to establish a genuine dispute over whether Warren engaged in assault.

Plaintiffs' false imprisonment claim is supported by the record because it is undisputed that Frontier intentionally confined A.D. to the back of the plane by ordering him to relocate and then placing an off-duty police officer in the aisle row to block his path. *See Hernandez v. City of Reno*, 634 P.2d 668, 671 (Nev. 1981) (listing elements of false imprisonment claim under Nevada law). Whether Frontier was justified in separating the two depends on whether the airline's asserted race-neutral reason—Peter's allegedly inappropriate touching of A.D.—is accepted. But as noted above, that point is for a jury to resolve.

The plaintiffs' intentional infliction of emotional distress claims also survive. *See Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (intentional infliction of distress under Nevada law requires conduct that is "extreme and outrageous" and "outside all possible bounds of decency"). As noted, it is genuinely disputed whether the Frontier employees acted based on plaintiffs' races or whether they witnessed conduct by plaintiffs that could reasonably suggest child endangerment. Between this and the disputed allegations of battery, assault, and false imprisonment, a jury could conclude that Frontier's conduct met the standard

24-5847

for the intentional infliction of emotional distress.

Finally, plaintiffs have established a genuine dispute of fact on their defamation claims.[1] Based on the record, a reasonable juror could find that a Frontier flight attendant orally reported to a non-party passenger that "someone's hand was in a crotch area of the other's," describing the plaintiffs. A reasonable jury could conclude that the statement, which described Peter as committing a wrongful act, was defamatory because it was false and, at minimum, negligently made as to its truth. *See Pope v. Motel 6*, 114 P.3d 277, 282 (Nev. 2005).

Similarly, we conclude that Nevada's qualified privilege does not attach to Frontier's Passenger Name Record (PNR) entries because there is a plausible basis to conclude these statements were not made in "good faith," *Lubin v. Kunin*, 17 P.3d 422, 428 (Nev. 2001), considering the evidence of potential race discrimination in this case. Furthermore, because those entries reflected that Peter inappropriately touched A.D. during the flight and were available for viewing by other employees, there is a genuine dispute as to plaintiffs' defamation claims based on the PNR entries as well.

3. For the benefit of the parties and the district court on remand, we

---

[1] The only exception is plaintiffs' defamation claims that are based on Frontier's communications with airport security officials in the ACARS system. Frontier is immune from liability for those claims under 49 U.S.C. § 44941(a). But Frontier's immunity under § 44941(a) extends no further.

exercise our discretion to reach plaintiffs' challenges to the district court's discovery rulings. The district court did not abuse its discretion in making its discovery rulings. *See United States v. Mitchell*, 502 F.3d 931, 964 (9th Cir. 2007) (reviewing discovery rulings for abuse of discretion). Frontier did not engage in sanctionable conduct by redacting sensitive passenger information from its document production. Likewise, the "burden or expense" of the discovery sought by plaintiffs concerning the names of passengers on other flights and Frontier's threat level classification practices "outweigh[ed] its likely benefit." Fed. R. Civ. P. 26(b)(1).

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**[2]

---

[2] The parties shall bear their own costs on appeal.

*DelVecchia v. Frontier Airlines, et al.*, No. 24-5847

BRESS, Circuit Judge, dissenting:

Although plaintiffs' experience on their flight was regrettable, like the district court, I do not see that the misunderstandings that gave rise to this case equate to entitlement to legal relief. I would have affirmed the district court's summary judgment for Frontier.

A successful claim under 42 U.S.C. § 1981 requires a showing of "intentional discrimination." *Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 396 (1982). Here, Frontier flight attendants testified that they witnessed allegedly inappropriate and unusual physical contact between an adult man and a minor child. In response to those observations, Captain Shupe concluded that the situation involved claims of "inappropriate touching" and ordered Warren to separate the plaintiffs for the remainder of the flight. Captain Shupe testified that he was not aware of their races until the end of the flight.

Plaintiffs cite various statements by the flight attendants as purported direct evidence that they acted based on discriminatory animus, such as post-flight statements by non-party flight attendants saying that "the relationship [plaintiffs] had looked very awkward" and "there was something unusual about the two." But because those statements did not reference plaintiffs' race, they do not amount to direct evidence of racial discrimination. *See Godwin v. Hunt Wesson, Inc.*, 150 F.3d

1

1217, 1221 (9th Cir. 1998) ("Direct evidence is evidence which, if believed, proves the fact of discriminatory animus without inference or presumption.") (quotations and brackets omitted). Further, the fact that a flight attendant expressed doubt that plaintiffs were related while mentioning their races to a law enforcement official after the flight ended does not amount to direct evidence that Frontier's decision to separate the two was made based on plaintiffs' races. That statement was made after multiple flight attendants claimed to witness inappropriate touching between the plaintiffs.

Plaintiffs alleging discrimination under § 1981 may survive summary judgment through circumstantial evidence of discrimination. *See Lindsey v. SLT Los Angeles, LLC*, 447 F.3d 1138, 1144–45 (9th Cir. 2006). But here, I believe defendants have rebutted any circumstantial showing because there was a "legitimate non-discriminatory reason" for their decision to separate plaintiffs— concerns over possible child endangerment. *Id.* Those concerns were evidently mistaken in hindsight, but plaintiffs have not pointed to any evidence that this justification was a pretext for race discrimination, and so summary judgment in favor of Frontier on this claim was warranted.

The district court also properly granted summary judgment to Frontier on plaintiffs' state law claims. The only evidence that Warren struck Peter was Peter's testimony. But Peter also testified that he was asleep before being struck and did not

2

witness Warren hit him. Warren denied hitting Peter, and other witnesses on the flight testified that they did not see Warren punching Peter on the back of the head, including the passenger seated immediately next to plaintiffs. Peter's self-serving and uncorroborated testimony does not raise a genuine dispute on plaintiffs' battery claim. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). The district court also properly granted summary judgment on the assault claim because plaintiffs have not produced sufficient evidence that Warren intended to physically contact A.D. or for A.D. to apprehend an imminent contact when Warren interacted with A.D. at the back of the plane.

In addition, even assuming the plaintiffs satisfied their prima facie case of false imprisonment based on A.D.'s sequestration in the back row of the plane, Captain Shupe's decision to separate the plaintiffs was legally justified based on his authority as the captain of an aircraft to control the seating of passengers, given the observations of the flight attendants about Peter's conduct. *See Marschall v. City of Carson*, 464 P.2d 494, 497 (Nev. 1970) (false imprisonment actionable only if defendant's acts were done "without any legal cause or justification therefore"); *see also* 14 C.F.R. §§ 91.3(a), 121.533(d). Plaintiffs' defamation claims fail because the statements in question were accurate based on the stated observations of Frontier employees, and there is no basis to conclude they were made with negligence or were pretextual. *See Hart v. Campbell*, 373 P.3d 920 (Nev. 2011). Nor was

3

Frontier's conduct "extreme and outrageous," *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998), so as to support a claim for intentional infliction of emotional distress.

In sum, the district court correctly concluded that the plaintiffs have not established a genuine dispute of material fact on any of their claims. I would have affirmed that decision and so respectfully dissent.